UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT HOWATSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | NO.  C15-1254-MJP-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Scott Howatson appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 61-year-old man with a high school diploma and some community college education.  Administrative Record ("AR") at 49.  His past work experience includes employment as a lead worker at Goodwill, a parking garage maintenance manager, and an automotive parts manager and service manager.  AR at 49-51, 261.  Plaintiff was last gainfully

REPORT AND RECOMMENDATION - 1

employed in March 2013.  AR at 261.

On June 28, 2013, Plaintiff protectively filed SSI and DIB applications, alleging an onset date of April 17, 2013.  AR at 203-14, 232.  Plaintiff asserts that he is disabled due to psychological pain, back pain, and spinal arthritis.  AR at 235.

The Commissioner denied Plaintiff's claims initially and on reconsideration.  AR at 102-03, 134-40.  Plaintiff requested a hearing, which took place on January 13, 2015.  AR at 32-73.  On February 27, 2015, the ALJ issued a decision denying benefits based on his finding that Plaintiff's substance use was material to his disability.  AR at 15-26.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On August 10, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Howatson bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

V.     DECISION BELOW

On February 27, 2015, the ALJ found:

1. The claimant last met the insured status requirements of the Act on March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since April 17, 2013, the alleged onset date.

3. The claimant's back disorder, organic mental disorder, affective disorder, anxiety disorder, and alcohol addiction disorder are severe.

4. The claimant's impairments, including the substance use disorder, meet sections 12.02 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix l.

5. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

6. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

7. If the claimant stopped the substance use, the claimant would have the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), except he is able to remember, understand, and carry out instructions and tasks generally required by occupations with an specific vocational preparation of 1-3. The claimant can have occasional superficial interactions with the general public. He can have occasional interaction with coworkers or supervisors. The claimant can stand or walk in two hour intervals for a total of 8 hours per day. He can sit for two hours intervals for a total of 8 hours per day.

8. If the claimant stopped the substance use, the claimant would be capable of performing past relevant work as a laborer, stores and forklift operator.

9. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use. Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Act at any time from the alleged onset date through the date of this decision.

REPORT AND RECOMMENDATION - 5

AR at 17-25.

## VI.   ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in assessing medical opinions provided by Alison Stout, D.O., and Mitchell Levy, M.D.

## VII.   DISCUSSION

Plaintiff challenges the ALJ's assessment of two medical opinions, each of which will be addressed in turn.

A.   <u>Legal Standards</u>

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

1  The opinions of examining physicians are to be given more weight than non-examining
2  physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the
3  uncontradicted opinions of examining physicians may not be rejected without clear and
4  convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining
5  physician only by providing specific and legitimate reasons that are supported by the record.
6  *Bayliss,* 427 F.3d at 1216.

B. <u>The ALJ Erred in Assessing Part of Dr. Stout's Opinion.</u>

Plaintiff's treating physician, Dr. Stout, completed a medical source statement in December 2014. AR at 867-69. Dr. Stout identified Plaintiff's medical conditions as lumbar stenosis, hip arthritis, and sciatica, and opined that he had lifting/carrying, sitting, and standing limitations related to these conditions. *Id.* Specifically, Dr. Stout opined that Plaintiff could stand/walk without interruption for up to 60 minutes at a time, and could stand/walk for a total of three hours in an eight-hour workday. AR at 869.

The ALJ found Dr. Stout's opinion as to Plaintiff's stand/walk restrictions to be inconsistent with Plaintiff's self-reported ability to walk four to six miles every day. AR at 24 (referencing AR at 64, 409). Plaintiff argues that Dr. Stout's opinion is not actually inconsistent with Plaintiff's walking capabilities, because a person can walk four to six miles in less than three hours. Dkt. 11 at 6. Even assuming that is true, it takes longer than an hour to walk four to six miles, and Plaintiff did not indicate a need to take breaks. *See* AR at 64, 409. Thus, the ALJ's interpretation of Dr. Stout's walk/stand restrictions in light of Plaintiff's testimony is reasonable and should be affirmed.

The ALJ did not provide specific, legitimate reasons to discount Dr. Stout's lift/carry restrictions, however. Dr. Stout opined that Plaintiff was limited to lifting/carrying ten pounds occasionally, and five pounds frequently. AR at 868. The ALJ referenced purportedly

REPORT AND RECOMMENDATION - 7

inconsistent examination findings (without citation to the record) that do not appear to necessarily relate to lifting/carrying abilities, and thus do not constitute a legitimate reason to discount an opinion related to lifting/carrying restrictions.  AR at 24 (referencing findings of intact deep tendon reflexes, mild decreased sensation, and 4/5 strength "on the left but normal on the right," without explaining which "left" or "right" body part was at issue).  The Commissioner quotes the ALJ's summary of examination findings, without identifying the portion of the record that contains those findings, thereby failing to demonstrate that the ALJ's summary of the evidence is accurate and/or references substantial evidence inconsistent with Dr. Stout's opinion.  Dkt. 12 at 5.

The Court's review of the record reveals notes referencing some of the ALJ's findings.  *See, e.g.*, AR at 355 (referencing diminished sensation on right lateral thigh, and "dorsiflexion of feet 4/5 left, 5/5 right"), 715 (referencing intact deep tendon reflexes).  It is not, however, clear that these findings are at all related to Plaintiff's ability to lift/carry, particularly the findings related to Plaintiff's leg and feet.  Because the ALJ failed to provide a specific, legitimate reason to discount this portion of Dr. Stout's opinion, it should be reassessed on remand.

C.   The ALJ Did Not Err in Assessing Dr. Levy's Opinion.

Dr. Levy examined Plaintiff in April 2013, and completed a DSHS form opinion describing his symptoms and limitations.  AR at 301-06.  At the time of Dr. Levy's evaluation, Plaintiff was dependent on alcohol and had been recently discharged from the hospital after a four-day voluntary admission for suicidal ideation in the context of acute alcohol withdrawal.  AR at 301-02.

The ALJ gave great weight to Dr. Levy's opinion, finding it "consistent with the claimant's functioning during periods of alcohol abuse such as impair[ed] memory and

concentration, and he has interpersonal problems that led to his firing[.]" AR at 19.  Plaintiff argues that the ALJ erred in finding that Dr. Levy's opinion only established limitations during periods of alcohol abuse, because Dr. Levy checked boxes indicating that Plaintiff's impairments were not the result of alcohol use within the past 60 days, and that the limitations would continue for 12 months.  Dkt. 11 at 8 (citing AR at 305).

Dr. Levy provided no support or explanation for these checkbox opinions, however, which renders them less probative.  *See Crane v. Shalala*, 76 F.3d 252, 253 (9th Cir. 1996) (ALJ permissibly rejected three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").  Furthermore, agency guidance indicates that a medical source must provide support for an opinion about the "likely effects that abstinence from drugs or alcohol would have" on a claimant's impairments. *See* Social Security Ruling ("SSR") 13-2p, 2013 WL 621536, at *8 (Feb. 20, 2013).  Given that Dr. Levy spent less than 30 minutes with Plaintiff (AR at 753), and provided no support for his opinion regarding Plaintiff's limitations during sobriety, Plaintiff has not shown harmful error in the ALJ's assessment that Dr. Levy's opinion describes his limitations during a period of alcohol abuse.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 22, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they

REPORT AND RECOMMENDATION - 9

are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2016**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 8th day of March, 2016.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10